UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY V. RANDALL, SR.,<br><br>Plaintiff,<br><br>v.<br><br>FULCRUM REAL ESTATE SERVICES, Inc.,<br><br>Defendant. | CASE NO. C17-5570 RJB<br><br>ORDER ON APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) and on review of the proposed complaint (Dkt. 1-1). The Court has considered the relevant record and the remainder of the file herein.

On July 24, 2017, Plaintiff filed a proposed civil complaint, an application to proceed *in forma pauperis* ("IFP"), that is, without paying the $400 filing fee for a civil case. Dkts. 1-1 and 1.

Plaintiff's proposed complaint asserts that since April of 2015, he requested that the Defendant's employees give him the "reasonable accommodation" of "unfettered access" to get

ORDER ON APPLICATION TO PROCEED IN
FORMA PAUPERIS AND ORDER TO SHOW
CAUSE- 1

his bicycle to his basement apartment. Dkt. 1-1. Plaintiff maintains that he is a disabled veteran. *Id.* He states that he had that access in his third floor apartment. *Id.* Plaintiff alleges that "the only accommodation that would allow unfettered access is a key to the elevator allowing access to the basement apartment." *Id.* Plaintiff states that each of the Defendant's employees "refused [his] reasonable accommodations." *Id.* Plaintiff asserts that after his basement apartment flooded twice, the "decision was made to do the repair work on their own," and "they were seeking to force me to surrender [his] basement apartment." *Id.* Plaintiff states that he was forcefully evicted in July of 2017. *Id.* Plaintiff's proposed complaint references "Title VIII of the Civil Rights Act of 1968," and § "804b or f" and "804f3B." *Id.* As relief, Plaintiff states that he is seeking (1) "pain and suffering for two years plus of being deprived of full use of [his] bicycle," (2) "appropriate punishment for denial of [his] reasonable accommodation," (3) "punishment for the forcible eviction" and "ensuing homeless situation," (4) damages, (5) injunctive relief of suspension of Defendant's "license to practice Real Estate," and (6) "Defendant business practices he studied for further Civil Rights Discrimination violations." *Id.*

Plaintiff makes the same or similar allegations in this case as he does in a case Plaintiff recently filed against Defendant's current and former employees in *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB. In that case, Plaintiff he alleges that since April of 2015, he requested the "reasonable accommodation" of "unfettered access" to get his bicycle to his basement apartment. *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 3, at 2. He states that he had that access in his third floor apartment. *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 3, at 2. Plaintiff alleges that "the only accommodation that would allow unfettered access is a key to the elevator allowing access to the basement apartment." *Randal v. Parodi, et al*,

Western District of Washington case number 17-5425 RJB, Dkt. 3, at 2. Plaintiff states that each of the individuals he names as defendants have "refused [his] reasonable accommodations." *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 3, at 2. Plaintiff's complaint in that case references "Title VIII of the Civil Rights Act of 1968," § "8046" and "80463B." *Id.* As relief, Plaintiff seeks (1) a key to the elevator, (2) pain and suffering for having to carry his belongings by hand because he did not have access to his bike, (3) "appropriate punishment for denial of [his] reasonable accommodation for the two years plus," (4) Defendants cease all efforts to evict him, and (5) training for Defendants. *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 3. His application for IFP was granted on July 10, 2017. *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 4. The *Parodi* Defendants have not yet appeared.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he has income of $995.00 per month in "disability, unemployment, workers compensation, or public assistance." Dkt. 1. He indicates he has $50 in cash and checking, no other assets or dependents, and has $600 in monthly expenses. *Id.*

**Decision on IFP Application**. Plaintiff's application to proceed IFP (Dkt. 1) should be granted. Plaintiff has sufficiently shown he is unable to pay the filing fee.

**Order to Show Cause**. The allegations in this case and in *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB are the same or similar; this case involves a corporate defendant and *Parodi* involves the individual employees. On or before August 11, 2017, Plaintiff should be ordered to show cause, in writing, if any he has, why this case and *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB should not be consolidated.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) **IS GRANTED**; and
- On or before **August 11, 2017**, Plaintiff **IS ORDERED TO SHOW CAUSE**, in writing, if any he has, why this case and *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB should not be consolidated.

The Clerk is directed to file a copy of this order in *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB and send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of August, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge