UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY V. RANDALL, SR.,<br><br>              Plaintiff,<br><br>   v.<br><br>FULCRUM REAL ESTATE SERVICES, INC.,<br><br>             Defendant. | CASE NO. C17-5570 RJB<br><br>ORDER CONSOLDATING CASES |

This matter comes before the Court on the Court's order to show cause why this case should not be consolidated with *Randall v. Parodi, et. al.,* Western District of Washington case number 17-5425 RJB. The Court has considered the relevant record and the remainder of the file herein.

On July 24, 2017, Plaintiff filed a proposed civil complaint, an application to proceed *in forma pauperis* ("IFP"), that is, without paying the $400 filing fee for a civil case. Dkts. 1-1 and 1. His application for IFP was granted on August 3, 2017. Dkt. 3.

ORDER CONSOLDATING CASES- 1

Plaintiff's complaint asserts that since April of 2015, he requested that the Defendant's employees give him the "reasonable accommodation" of "unfettered access" to get his bicycle to his basement apartment. Dkt. 4. Plaintiff maintains that he is a disabled veteran. *Id.* He states that he had that access in his third floor apartment. *Id.* Plaintiff alleges that "the only accommodation that would allow unfettered access is a key to the elevator allowing access to the basement apartment." *Id.* Plaintiff states that each of the Defendant's employees "refused [his] reasonable accommodations." *Id.* Plaintiff asserts that after his basement apartment flooded twice, the "decision was made to do the repair work on their own," and "they were seeking to force me to surrender [his] basement apartment." *Id.* Plaintiff states that he was forcefully evicted in July of 2017. *Id.* Plaintiff's proposed complaint references "Title VIII of the Civil Rights Act of 1968," and § "804b or f" and "804f3B." *Id.* As relief, Plaintiff states that he is seeking (1) "pain and suffering for two years plus of being deprived of full use of [his] bicycle," (2) "appropriate punishment for denial of [his] reasonable accommodation," (3) "punishment for the forcible eviction" and "ensuing homeless situation," (4) damages, (5) injunctive relief of suspension of Defendant's "license to practice Real Estate," and (6) "Defendant business practices he studied for further Civil Rights Discrimination violations." *Id.*

Plaintiff makes the same or similar allegations in this case as he does in a case Plaintiff recently filed against Defendant's current and former employees in *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB. In that case, Plaintiff he alleges that since April of 2015, he requested the "reasonable accommodation" of "unfettered access" to get his bicycle to his basement apartment. *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 3, at 2. He states that he had that access in his third floor apartment. *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB,

Dkt. 3, at 2. Plaintiff alleges that "the only accommodation that would allow unfettered access is a key to the elevator allowing access to the basement apartment." *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 3, at 2. Plaintiff states that each of the individuals he names as defendants have "refused [his] reasonable accommodations." *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 3, at 2. Plaintiff's complaint in that case references "Title VIII of the Civil Rights Act of 1968," § "8046" and "80463B." *Id.* As relief, Plaintiff seeks (1) a key to the elevator, (2) pain and suffering for having to carry his belongings by hand because he did not have access to his bike, (3) "appropriate punishment for denial of [his] reasonable accommodation for the two years plus," (4) Defendants cease all efforts to evict him, and (5) training for Defendants. *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 3. His application for IFP was granted on July 10, 2017. *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, Dkt. 4. The *Parodi* Defendants have not yet appeared.

On August 3, 2017, Plaintiff was ordered to show cause, in writing, if any he has, why this case and *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB should not be consolidated into one case. Dkt. 3. Plaintiff has not responded.

**Standard for Consolidation.** Fed. R. Civ. Pro. 42 (a) provides: "Consolidation. If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." As indicated by Rule 42's use of the word "may," the decision to join cases is a discretionary decision. *See* Fed. R. Civ. Pro. 42. District court judges are afforded broad discretion, subject only to an abuse of discretion standard on

appeal. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California,* 877 F.2d 777 (9th Cir. 1989).

**Decision on Consolidation.** This case and *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, should be consolidated under the older case number of 17-5425 RJB. Both these cases involve common questions of law and fact. For the sake of economy, "to avoid unnecessary cost or delay" and for the convenience of the parties, they should be handled together. Fed. R. Civ. Pro. 42 (a). The caption should be amended to include all Defendants. This case should be administratively closed, and all future filings in either case should be done under the case number 17-5425 RJB.

Accordingly, it is hereby **ORDERED** that:

- This case and *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB, **ARE CONSOLIDATED** under the older case number of 17-5425 RJB;
- The caption **SHALL BE AMENDED** to include all Defendants; and
- This case **IS ADMINISTRATIVELY CLOSED**, and all future filings in either case should be done under the case number 17-5425 RJB.

///

///

///

///

///

The Clerk is directed to file a copy of this order in *Randal v. Parodi, et al*, Western District of Washington case number 17-5425 RJB and send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of August, 2017.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge